## McIlvaine Appeal

*John M. Tighe*, Special Assistant Attorney General, for Commonwealth.

*Paul A. Simmons* of *Hormell, Tempest, Simmons, Bigi & Melenyzer*, for condemnees.

CURRAN, J., August 17, 1972.—The property which is the subject of this condemnation proceeding

is owned by the following: John W. McIlvaine and Marilyn C. McIlvaine, his wife, and Emsie Ann Parker, an undivided one-half interest; and Mellon National Bank and Trust Company, Trustee for the Estate of William McK. Smith, deceased, an undivided one-half interest. The property is located along Legislative Route 62214, old Oak Springs Road, South Strabane Township, Washington County, Pa. The actual taking of this property by the Commonwealth for this road improvement was .5892 of an acre. Prior to the taking by the Commonwealth the condemnees' tract consisted of 24.1800 acres, so that there was left after the taking approximately 23.5908 acres. After the new road had been completed to its new elevation, the level of the condemnees' remaining land was anywhere from one foot to six feet below the road along the entire 2,000 feet which it fronted on the road.

The board of viewers awarded the sum of $20,500 to condemnees. They appealed and after trial the jury verdict was $22,000. Condemnees seek a new trial.

Condemnees called a registered professional civil engineer, C. Vance DeiCas, who testified that he viewed this property to determine the amount of fill that would be required to bring the remainder of this property up to the level of the new road, so as to make it suitable for commercial purposes. He outlined to the jury how he had arrived at his calculations, but we refused to allow him to state to the jury the dollar value of his calculations, which amounted to $77,509.80. However, DeiCas had given this same cost estimate in dollars and cents to condemnees expert real estate witness, J. C. McCleery, who had it available before he testified to his before and after value of this property. We do not believe that section 705 of the Eminent Domain Code of 1964, 26 PS §1-705, permits the introduction into evidence of such a cost item as that

of filling or preparing land for any specific use. This is a separate item of damage and may only be used by including it in the valuation of the land before and after the taking by the Commonwealth. Nor do we think that Thompson v. Commonwealth Department of Highways, 214 Pa. Superior Ct. 329 (1969), cited by condemnees, is authority for contention in this matter.

The jury viewed this property; walked along the length of it, they could well observe the level of the new road and the level of the remaining property of the condemnees. They could see what that remainder consisted of and what would have to be done to it to make it commercially useful. They could observe the level areas as well as the hilly areas.

Condemnees also complain that the court erred when it said in its charge:

"You will have to determine that for yourself. I do not remember the Commonwealth's expert witnesses saying that they did not figure any damages that resulted from the taking other than the taking of the land itself. I do not recall them saying specifically that they did not take into consideration consequential damages."

We do not feel that such was in error. This was a question of fact and on several occasions the court told the jurors that they were the sole triers of the facts; that if their recollection of the facts was different from the court's, then they must rely solely on the way, they, the jurors, recalled the testimony and the facts they heard during the trial. Whether or not the Commonwealth's experts did take into consideration any consequential damages resulting to condemnees was purely a question of fact to be determined alone by how the jury recollected the testimony, not by what the court may or may not have recalled.

We will deny condemnees' motion for a new trial.

## ORDER

And now, August 17, 1972, condemnees' request for a new trial is refused.